IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2012 AUG 23 AM 8:49
DEPUTY CLERK

| | |
|---|---|
| JASON JADAR DUNCAN, ) | |
| TDCJ No. 1294499, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 7:12-CV-098-O-BL |
| ) | |
| DELORES THORTON, *et al.*, ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

The instant case involves Plaintiff's claim of unlawfully confiscated property by three employees at the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas.

On June 28, 2012, the Court entered a notice of deficiency and order directing Plaintiff to either pay the $350.00 filing fee or submit a request to proceed *in forma pauperis* on the Court's application form along with a prison trust account statement. Plaintiff was ordered to cure the deficiency within twenty days and he was admonished that failure to comply with the order could result in dismissal of the case without further notice. That same day, a questionnaire was issued to Plaintiff in order to flesh out the facts underlying his claim against the Defendants. Plaintiff was ordered to file his answers withing thirty days. Review of the Clerk's docket sheet reveals that Plaintiff has failed to comply with the Court's orders.

Rule 41(b), Federal Rules of Civil Procedure, allows the Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.

1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

In the case at bar, Plaintiff has failed to comply with the Court's orders. Absent compliance, this case cannot proceed. In light of the status of this case, the imposition of fines and costs is not appropriate. Although he has failed to comply with the Court's orders, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

The complaint does not reflect the dates on which the incidents at issue occurred. Therefore, the Court cannot determine whether Plaintiff will have time to re-file his complaint within the two-year statute of limitations. For that reason, Plaintiff should be permitted to proceed with his claims provided he complies with the Court's orders as set forth below.

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure unless, within fourteen days of the date of this recommendation, Plaintiff complies with the Court's previous orders.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 23rd day of August, 2012.

E/ SCOTT FROST
UNITED STATES MAGISTRATE JUDGE